1  Ahren A. Tiller, Esq. [SBN: 250608]
   BLC Law Center, APC
2  1230 Columbia St., Ste 1100
   San Diego, CA 92101
3  Phone (619) 894-8831
   Facsimile: (866) 444-7026
4  Email: ahren.tiller@blc-sd.com

5  Attorneys for Plaintiff
   SETH KOEUT

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11                                          Case No.: **'21 CV 1398 AJB  AHG**

12  SETH KOEUT,

13              Plaintiff,                   **COMPLAINT FOR DAMAGES
                                             FOR (1) VIOLATIONS OF (1) THE
14          vs.                              FAIR CREDIT REPORTING ACT –
                                             15 U.S.C. § 1681 *ET. SEQ.* AND (2)
                                             THE CALIFORNIA CONSUMER
15  NAVIENT CORPORATION, a Delaware          CREDIT REPORTING AGENCIES
    Corporation; NAVIENT SOLUTIONS,          ACT – CAL. CIV. C. § 1785.1 *ET.
16  LLC, a Delaware Limited Liability        SEQ.*
    Company, EQUIFAX INFORMATION
17  SERVICES, LLC, and EXPERIAN
    INFORMATION SOLUTIONS, INC.

18              Defendant,                   **JURY TRIAL DEMANDED**

19

20

21                  **COMPLAINT FOR DAMAGES**

22                      **INTRODUCTION**

23  1.  Plaintiff SETH KOEUT (hereinafter referred to as "Plaintiff") by and through

24      his Counsel of Record brings this action against NAVIENT CORPORATION

25      and NAVIENT SOLUTIONS, LLC  (hereinafter collectively referred to as the

26      "NAVIENT"), EQUIFAX INFORMATION SERVICES, LLC (hereinafter

27      referred to individually as "EQUIFAX"), and EXPERIAN INFORMATION

28      SOLUTIONS, INC., (hereinafter referred to individually as "EXPERIAN"),

(and all named defendants are hereafter collectively referred to as "Defendants") for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. (hereinafter referred to as the "FCRA"), and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.3 et. seq. (hereinafter referred to as the "CCCRA").

2. Congress determined the banking system is dependent upon fair and accurate credit reporting and that inaccurate credit reports directly impair the efficiency of the banking system and undermine the public confidence

3. Congress' explicit purpose of enacting the FCRA was to require reasonable procedures for meeting the needs of consumer credit while doing so in a manner that is fair and equitable to consumers with regards to the confidentiality, accuracy, relevance, and proper utilization of such information[1]

4. The California legislature determined there is a need to ensure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for consumers' rights to privacy[2].

5. The Legislature's express purpose of enacting the CCCRA was to require that consumer credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, hiring of a dwelling unit, and other information in a manner which is fair and equitable to the consumer, regarding the confidentiality, accuracy, relevancy, and proper utilization of such information[3].

6. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are based upon personal knowledge.

---

[1] 15 U.S.C. § 1681(b)
[2] Cal. Civ. C. § 1785.1(b)
[3] Cal. Civ. C. § 1785.1(d)

## JURISDICTION AND VENUE

7.  This Court has jurisdiction pursuant to 28 U.S.C. §1331, as this dispute involves a federal question under 15 U.S.C. §1681 *et. seq.*.  The court has supplemental jurisdiction over Plaintiff's CCCRA claims.

8.  Venue is proper in this District as Plaintiff is a natural person residing in the County of San Diego and the Defendants regularly conduct business within the County of San Diego.  Furthermore, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the County of San Diego, California.  Therefore, venue is proper within this District pursuant to 28 U.S.C. §1391.

## PARTIES

9.  Plaintiff is a natural person who currently resides in the County of San Diego, State of California.

10. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c), and Cal. Civ. Code §1785.3(b).

11. Defendant NAVIENT CORPORATION is a Delaware Corporation with its primary place of business located in Wilmington, Delaware.

12. Defendant NAVIENT SOLUTIONS, LLC is a Delaware Limited Liability Company formed under the laws of the State of Delaware with its primary place of business located in Wilmington, Delaware as well.   Defendant NAVIENT SOLUTIONS, LLC's parent corporation is Defendant NAVIENT CORPORATION.

13. Defendant NAVIENT SOLUTIONS, LLC, is, and at all times mentioned herein, was registered with the California Secretary of State.

14. Defendants NAVIENT SOLUTIONS, LLC, and NAVIENT CORPORATION share the same executive leadership, personnel, and are headquartered in the same physical location.

15. Defendants NAVIENT SOLUTIONS, LLC, and NAVIENT CORPORATION's business operations are so intertwined and overlap, that their distinction is essentially in name only.

16. As the distinction between NAVIENT SOLUTIONS, LLC and its parent company NAVIENT CORPORATION are in name only, the allegations contained herein collectively refer to both entities as "NAVIENT."

17. NAVIENT is and at all times mentioned herein were debt collectors whose primary business was the collection of debts on behalf of creditors and/or on behalf of themselves.

18. NAVIENT does business throughout the country, including in this District. A significant portion of the NAVIENT's business operations are dedicated to collecting debts, primarily consumer debts.

19. The NAVIENT Defendants are each respectively a "person" as that term is defined in 15 U.S.C. §1681a(b), and Cal. Civ. Code §1785.3(j).

20. NAVIENT, as part of their regular business, report information to various Consumer Reporting Agencies. Therefore, they are "Furnishers of Information" within the meaning of 15 U.S.C. §§ 1681, et. seq., and Cal. Civ. Code §1785 et. seq.

21. Defendant EQUIFAX is a nationwide Credit Bureau that reports information regarding individual consumer credit files as part of its regular business.

22. Defendant EQUIFAX is a corporation incorporated under the laws of state of Delaware.

23. Defendant EQUIFAX is headquartered at 1505 Peachtree St., NW, Atlanta, GA 30309, and regularly conducts business in the State of California, County of San Diego.

24. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of

furnishing to third parties "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

25. Defendant EQUIFAX furnishes said consumer reports to third parties for monetary compensation.

26. Defendant EQUIFAX is therefore a "Consumer Reporting Agency" ("CRA") as that term is defined by 15 U.S.C. §1681a(f), and Cal. Civ. Code §1785.3(d).

27. Defendant EXPERIAN is a nationwide Credit Bureau that reports information regarding individual consumer credit files as part of its regular business.

28. Defendant EXPERIAN is a corporation incorporated under the laws of state of Ohio.

29. Defendant EXPERIAN is headquartered at Anton Blvd., Costa Mesa, CA 92626, and regularly conducts business in the State of California, County of San Diego.

30. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing to third parties "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

31. Defendant EXPERIAN furnishes said consumer reports to third parties for monetary compensation.

32. Defendant EXPERIAN is therefore a "Consumer Reporting Agency" ("CRA") as that term is defined by 15 U.S.C. §1681a(f), and Cal. Civ. Code §1785.3(d).

## GENERAL ALLEGATIONS

33. Plaintiff repeats, realleges, and incorporates by reference all the allegations contained in all previous paragraphs as if fully set forth herein.

34. From 2005 through 2009, Plaintiff took out a federal student loan from the Department of Education to pay the costs of tuition, room, and board at Ponce School of Medicine (the "Medical School Debt").

35. On or about July 9, 2009, Plaintiff took out an unsecured non-federal loan to provide for his job application costs, and flight and travel expenses while he sought out post medical school employment ("Navient Debt"). The Navient Debt was a private loan – as it was not guaranteed by a government unit, it was not an obligation to repay funds received as an educational benefit, nor was it any other type of qualified educational loan, as defined in section 221(d)(1) of the Internal Revenue Code. Therefore, the Navient Debt was not excepted from the Plaintiff's subsequent bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(8).

36. The Navient Debt was originally serviced by Sallie Mae.

37. On or about July 1, 2010, Plaintiff consolidated his medical school loans into one loan, totaling at the time $269,245.94.

38. On or about April 2014, Sallie Mae split into two separate entities - Sallie Mae Bank and Navient Corporation. Sallie Mae Bank managed the origination, disbursement and management of unsecured loans, whereas Navient Corporation managed just the servicing of both federal and private unsecured loans.

39. On May 21, 2012, Plaintiff filed a Chapter 7 Bankruptcy Case in the United States Bankruptcy Court for the Southern District of California, titled *In re Seth Koeut*, 3:2012-bk-07242-MM7 (S.D. Cal 2012) (hereinafter "Bankruptcy Case"). The Navient debt was therefore subsequently discharge in the Bankruptcy Case, as it was not excepted from discharge under 11 U.S.C. § 523(a)(8).

40. Plaintiff scheduled Sallie Mae and the Bankruptcy Noticing Center duly provided Sallie Mae with notice of Plaintiff's Bankruptcy Case.

41. Defendants EQUIFAX and EXPERIAN both monitor bankruptcy filings by an individual's name and social security number and report that information to the public records section of an individual's credit report.

42. Through said monitoring, Defendants EQUIFAX and EXPERIAN received notice of both the filing and discharge of Plaintiff's Bankruptcy Case.

43. On September 18, 2018, Plaintiff filed an adversary proceeding against the Department of Education and Great Lakes Educational Loan Services, Inc. seeking a discharge of his student loans, bearing Southern District of California Bankruptcy Court Adversary Proceeding Case No.: 3:18-ap-90130-MM (hereinafter "AP").

44. By August of 2020, Plaintiff's consolidated Medical School Debt owed to the Department of Education totaled approximately $440,465.66 with accrued interest and fees.

45. After a trial conducted in the AP, on December 4, 2020, the Bankruptcy Court issued a ruling in the AP discharging $432,173.99 of Plaintiff's federal student loans, leaving a balance owed of only $8,291.67.  The Court further ordered that the $8,291.67 remaining balance was deferred for a period of 11 years, and would accrue interest at merely 0.11%, and thus Plaintiff' monthly payments would be $41.87 per month commencing on December 2031 through December 2048.

46. The Order described in paragraph 45 above was reduced to formal judgment on January 13, 2021.

47. On or about January 18, 2021, Plaintiff discovered that Defendant Equifax, Defendant Experian, and TransUnion, LLC, were all still reporting his federal student loan Medical School Debt as being more than $430,000.00, despite the Bankruptcy Court's ruling in the AP reducing said balance to $8,291.67 and bringing any past due amount current, and making any future payments not due until December 2031.

**THE DISPUTES**

<u>PLAINTIFF'S DISPUTE WITH TRANSUNION, LLC</u>

48. On January 18, 2021, Plaintiff disputed both his federal student loan Medical School Debt and the Navient Debt with TransUnion, LLC, and included with the dispute a copy of the Judgment entered in the AP, as well as copies of his bankruptcy schedules and order for Discharge.

49. On or about January 21, 2021, TransUnion, LLC, responded to Plaintiff electronically with results of the investigation determining that no change should be made to Plaintiff's credit report.

50. On or about January 27, 2021, Plaintiff uploaded electronically to TransUnion, LLC a screenshot from the US Department of Education website showing his federal student loan Medical School Debt balance was only $8,291.67.

51. On that same day, TransUnion, LLC responded to Plaintiff electronically stating that they had updated the balance of his federal student loan Medical School Debt to reflect the $8,291.67 balance and showing the Navient Debt as discharged in bankruptcy.

<u>PLAINTIFF'S DISPUTE WITH DEFENDANT EQUIFAX</u>

52. On January 18, 2021, Plaintiff disputed both his federal student loan Medical School Debt and the Navient Debt with Defendant Equifax as well, and just like with Transunion, Plaintiff included with the dispute a copy of the Judgment entered in the AP, as well as copies of his bankruptcy schedules and order for Discharge.

53. On or about January 24, 2021, Defendant Equifax responded to Plaintiff electronically with results of their investigation determining that no change should be made to Plaintiff's credit report.

54. On or about February 9, 2021, Defendant Equifax updated Plaintiff's credit report to show that a dispute of the federal student loan Medical School Debt

had been made, but that the balances in excess of $430,000.00 was accurate, and that the Navient Debt balance was also disputed but "unchanged."

55. On or about June 9, 2021, Plaintiff filed a second dispute with Defendant Equifax, again disputing both his federal student loan Medical School Debt and the Navient Debt with Defendant Equifax and included with the dispute a copy of the Judgment entered in the AP, as well as copies of his bankruptcy schedules and order for Discharge.

56. Plaintiff subsequently received a response from Defendant Equifax by mail dated June 10, 2021, wherein Defendant Equifax stated that no change should be made to Plaintiff's credit report.

57. To date, Plaintiff's Equifax credit report still reflects federal student loan Medical School Debt has a balance in excess of $430,000, and that the Navient Debt balance also remains.

## PLAINTIFF'S DISPUTE WITH DEFENDANT EXPERIAN

58. On January 18, 2021, Plaintiff further disputed both his federal student loan Medical School Debt and the Navient Debt with Defendant Experian as well, and just like the other two CRA Defendants, Plaintiff included with his dispute a copy of the Judgment entered in the AP, as well as copies of his bankruptcy schedules and order for Discharge.

59. On or about January 21, 2021, Defendant Experian responded to Plaintiff electronically with results of the investigation determining that no change should be made to Plaintiff's credit report.

60. On or about January 27, 2021, Plaintiff filed a second dispute with Defendant Experian wherein he disputed both his federal student loan Medical School Debt and the Navient Debt with Defendant Experian and included with the dispute a copy of the Judgment entered in the AP, as well as copies of his bankruptcy schedules and order for Discharge.  This time, Plaintiff additionally included a

screenshot from the US Department of Education website showing his federal student loan Medical School Debt balance was only $8,291.67.

61.  On or about February 3, 2021, Defendant Experian responded to Plaintiff stating they had updated the balance of his federal student loan Medical School Debt to reflect the $8,291.67 balance and showing the Navient Debt as discharged in bankruptcy.

62.  On May 28, 2021, Plaintiff pulled his Experian credit report, and at that time Experian still reflected that the balance of his federal student loan Medical School Debt was $8,291.67 balance and showed the Navient Debt as discharged in bankruptcy.

63.  However, on June 11, 2021, Plaintiff again pulled his Experian credit report and this time the federal student loan Medical School Debt had gone back to showing a balance in excess of $430,000.00 and the Navient Debt also had gone back to showing a balance owed.

64.  On June 11, 2021, Plaintiff filed a third dispute with Defendant Experian, wherein he again disputed both his federal student loan Medical School Debt and the Navient Debt with Defendant Experian and included with the dispute a copy of the Judgment entered in the AP, as well as copies of his bankruptcy schedules and order for Discharge, and the screenshot from the US Department of Education website showing his federal student loan Medical School Debt balance was only $8,291.67.  This time Plaintiff also explained that the prior dispute in February had already been determined in his favor by Defendant Experian.

65.  Upon submitting the third dispute, Plaintiff received an electronic message from Defendant Experian stating they had already resolved the dispute for the Medical School Debt balance and Navient Debt, and that the results would remain, thus Experian informed Plaintiff that despite his third dispute, the balance of $430,000 would remain unchanged.

## POST DISPUTES

66. On or about June 28, 2021, Plaintiff applied for a Chase United Visa Credit Card and was denied.  The denial letter stated as reasoning for the denial, "Your credit report reflects charge off(s) or bad debt collections."

67. The only item on Plaintiffs credit report(s) that showed as charge-offs or bad debt were the Navient Debt or the large and inaccurate federal student loan Medical School Debt balance.

68. As a direct and proximate result of Defendants' unlawful conduct, actions, and inactions, Plaintiff suffered damages including a loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, harm to reputation, and the humiliation and embarrassment of credit denials.

69. As a direct and proximate result of Defendants' unlawful conduct, actions, and inactions, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

## I.

## FIRST CAUSE OF ACTION

## WILLFUL FAILURE TO INVESTIGATE

## (15 U.S.C. §1681s-2(b)(1) and §1681n)

[AS TO THE NAVIENT DEFENDANTS ONLY]

70. Plaintiff repeats, realleges, and incorporates by reference all the allegations contained in all previous paragraphs, inclusive, as if fully set forth herein.

71. 15 U.S.C. §1681s-2(b)(1) provides that after receiving notice of a dispute with regard to the completeness or accuracy of any information, the person receiving notice shall conduct an investigation with respect to the disputed information, review the consumer's dispute, and report to the CRA the results of the investigation, and either verify that the information being reported is accurate, or if the information cannot be verified, report those results to the CRA and

modify, delete, or permanently block the reporting of the disputed item of information.

72. Upon being notified of a Consumer Dispute Verification request by Defendants EQUIFAX and EXPERIAN regarding the inaccurate and delinquent information for the Navient Debt, the NAVIENT failed to conduct a reasonable investigation into Plaintiff's Dispute.

73. By willfully failing to properly modify, delete, or block the reporting of the inaccurate, unlawful, and false negative information regarding the Navient Debt, the NAVIENT failed to exercise reasonable care when notified of the dispute, therefore NAVIENT negligently violated 15 U.S.C. §1681s-2(b)(1).

74. As a result of this unlawful conduct, action and inaction of the NAVIENT, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

75. As a direct and proximate result of this unlawful conduct, action and inaction of the NAVIENT Defendants, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

76. 15 U.S.C. § 1681n provides for civil liability for any party that willfully fails to comply with the provisions of 15 U.S.C. §1681 *et. seq.*

77. NAVIENT had actual knowledge through Plaintiff's Dispute that the information furnished to Defendants EQUIFAX and EXPERIAN regarding the Navient Debt was inaccurate.

78. Had NAVIENT exercised reasonable care, they would have been aware of the Dispute initiated by Plaintiff, and a reasonably prudent investigation would have revealed that the information furnished to Defendants EXPERIAN and EQUIFAX, each of them, regarding Plaintiff's Navient Debt was inaccurate and should be corrected.

79. NAVIENT willfully failed to conduct a reasonable investigation and did not delete, modify, or block its incorrect and unlawful information within the 30-day time period required by 15 U.S.C. §1681i(a)(1).

80. As such, Defendants NAVIENT are liable to Plaintiff for his damages for willfully failing to comply with the requirements of FCRA pursuant to 15 U.S.C. §1681n.

## II.

### SECOND CAUSE OF ACTION
### NEGLIGENT FAILURE TO INVESTIGATE
### (15 U.S.C. §1681s-2(b)(1) and §1681o)
[AS TO NAVIENT ONLY]

81. Plaintiff repeats, realleges, and incorporates by reference all the allegations contained in all previous paragraphs, inclusive, as if fully set forth herein

82. 15 U.S.C. §1681s-2(b)(1) provides that after receiving notice of a dispute with regard to the completeness or accuracy of any information, the person receiving notice shall conduct an investigation with respect to the disputed information, review the consumer's dispute, and report to the CRA the results of the investigation, and either verify that the information being reported is accurate, or if the information cannot be verified, report those results to the CRA and modify, delete, or permanently block the reporting of the disputed item of information.

83. Upon being notified of a Consumer Dispute Verification request by Defendants EQUIFAX and EXPERIAN regarding the inaccurate and delinquent information for the Navient Debt, NAVIENT failed to conduct a reasonable investigation into Plaintiff's Dispute.

84. By negligently failing to properly modify, delete, or block the reporting of the inaccurate, unlawful, and false negative information regarding the Navient Debt,

NAVIENT failed to exercise reasonable care when notified of the dispute, therefore NAVIENT negligently violated 15 U.S.C. §1681s-2(b)(1).

85. As a result of this unlawful conduct, action and inaction of NAVIENT, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

86. As a direct and proximate result of this unlawful conduct, action and inaction of NAVIENT, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

87. Had NAVIENT exercised reasonable care, they would have been aware of the Dispute initiated by Plaintiff, and a reasonably prudent investigation would have revealed that the information furnished to Defendants EXPERIAN and EQUIFAX, each of them, regarding Plaintiff's Navient Debt was inaccurate and should be corrected.

88. Despite this, Defendants NAVIENT failed to conduct a reasonable investigation and did not delete, modify, or block its incorrect and unlawful information.

89. As such, Defendants NAVIENT are liable to Plaintiff for his damages for negligently failing to comply with the requirements of FCRA pursuant to 15 U.S.C. §1681o.

## III.

## THIRD CAUSE OF ACTION

## WILLFULLY FURNISHING INFORMATION DEFENDANT KNEW OR SHOULD HAVE KNOWN TO BE INACCURATE

(CAL. CIV. CODE §1785.25(a) & §1785.31(a)(2))

[AS TO NAVIENT ONLY]

90. Plaintiff repeats, realleges, and incorporates by reference all the allegations contained in all previous paragraphs, inclusive, as if fully set forth herein

91.  Cal. Civ. Code §1785.25(a) provides, "a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

92.  Cal. Civ. Code §1785.31 provides for civil liability for any party that willfully fails to comply with the provisions of the CCCRA.

93.  Through the Consumer Dispute Verification request, Plaintiff made NAVIENT actually aware of the inaccurate information being furnished by them.

94.  By willfully failing to properly modify, delete, or block the reporting of the inaccurate and unlawful false negative information regarding the Navient Debt, NAVIENT violated Cal. Civ. Code §1785.25(a).

95.  By violating Cal. Civ. Code §1785.25(a), NAVIENT are liable to Plaintiff for damages pursuant to Cal. Civ. Code §1785.31.

96.  As a direct and proximate result of this unlawful conduct, action, and inaction of NAVIENT, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

97.  As a result of this willful unlawful conduct, action, and inaction of NAVIENT, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

98.  As such, Defendants NAVIENT are liable to Plaintiff for their damages for willfully violating the CCCRA pursuant to Cal. Civ. Code §1785.31(a)(2).

# IV.

## FOURTH CAUSE OF ACTION

## FAILURE TO INVESTIGATE

### (CAL. CIV. CODE §1785.25(f) & §1785.31(a)(2))

### [AS TO NAVIENT ONLY]

99.  Plaintiff repeats, realleges, and incorporates by reference all the allegations contained in all previous paragraphs, inclusive, as if fully set forth herein.

100. Cal. Civ. Code §1785.25(f) provides, "upon receiving notice of a dispute noticed pursuant to subdivision (a) of Section 1785.16 with regard to the completeness or accuracy of any information provided to a consumer credit reporting agency, the person that provided the information shall (1) complete an investigation with respect to the disputed information and report to the consumer credit reporting agency the results of that investigation before the end of the 30-business-day period beginning on the date the consumer credit reporting agency receives the notice of dispute from the consumer in accordance with subdivision (a) of Section 1785.16 and (2) review relevant information submitted to it.

101. When Plaintiff made his Consumer Dispute Verification request, NAVIENT was required to do an investigation and review the information provided by Plaintiff.

102. NAVIENT failed to review the information provided by Plaintiff and did not perform any true investigation into the accuracy of the information it was furnishing regarding Plaintiff's Navient Debt account, in violation of Cal. Civ. Code §1785.25(f).

103. By violating Cal. Civ. Code §1785.25(f), NAVIENT is liable to Plaintiff for damages pursuant to Cal. Civ. Code §1785.31.

104. As a direct and proximate result of this unlawful conduct, action and inaction of NAVIENT, Plaintiff suffered damages including loss of credit, increased costs

1   of credit, loss of ability to purchase and benefit from credit, and the humiliation

2   and embarrassment of credit denials.

3   105. As a direct and proximate result of this unlawful conduct, action and inaction of

4   NAVIENT, Plaintiff suffered emotional distress including anxiety, fear,

5   sleeplessness, nausea, and headaches.

6   106. As such, Defendants NAVIENT are liable to Plaintiff for his damages for

7   willfully violating the CCCRA pursuant to Cal. Civ. Code §1785.31(a)(2).

8

9   **V.**

10   **FIFTH CAUSE OF ACTION**

11   **WILLFUL FAILURE TO EMPLOY REASONABLE PROCEDURES TO**

12   **ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS**

13   (15 U.S.C. §1681e(b) & §1681n)

14   [AS TO EQUIFAX and EXPERIAN ONLY]

15   107. Plaintiff repeats, realleges, and incorporates by reference all the allegations

16   contained in all previous paragraphs, inclusive, as if fully set forth herein.

17   108. Through Plaintiff's Consumer Dispute Verification request, Plaintiff made

18   Defendants EQUIFAX and EXPERIAN, each of them, individually aware,

19   and/or they should have been aware that the information they were reporting

20   regarding both the federal student loan Medical School Debt and the Navient

21   Debt Account was inaccurate.

22   109. In preparing Plaintiff's credit report, Defendants EQUIFAX and EXPERIAN,

23   each of them, individually, each of them failed to use reasonable procedures that

24   "assure maximum possible accuracy" of information, in violation of 15 U.S.C.

25   §1681e(b).

26   110. Defendants EQUIFAX and EXPERIAN, each of them, individually failed to

27   comply with the requirements of 15 U.S.C. §1681e(b), and said failures were

28   willful within the meaning of 15 U.S.C. §1681n(a).

111. As a result of this unlawful conduct, action and inaction of Defendants EQUIFAX and EXPERIAN, each of them, individually, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

112. As a direct and proximate result of each of Defendants EQUIFAX and EXPERIAN's willful and unlawful conduct and action and inaction, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

113. As such, Defendants EQUIFAX, and EXPERIAN, each of them, individually, are liable to Plaintiff for his damages for willfully violating the FCRA pursuant to 15 U.S.C. §1681n.

**VI.**

**SIXTH CAUSE OF ACTION**

**WILLFUL FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS**

(CAL. CIV. C.  §1785.14(b) & §1785.31(a)(2))

[AS TO EQUIFAX and EXPERIAN ONLY]

114. Plaintiff repeats, realleges, and incorporates by reference all the allegations contained in all previous paragraphs, inclusive, as if fully set forth herein.

115. Through Plaintiff's Consumer Dispute Verification request, Plaintiff made Defendants EQUIFAX and EXPERIAN, each of them, individually aware, and/or they should have been aware that the information they were reporting regarding both the federal student loan Medical School Debt and the Navient Debt Account was inaccurate.

116. In preparing Plaintiff's credit report, Defendants EQUIFAX, and EXPERIAN, each of them, individually failed to use reasonable procedures to "assure

maximum possible accuracy" of information, in violation of Cal. Civ. Code §1785.14(b), as both Defendants EQUIFAX and EXPERIAN had access to the publicly available AP Judgment, which clearly showed the subject debts were determined to be discharged, thus Defendants failed to use reasonable procedures to assure the accounts were accurate, despite having said information to do so readily at their disposal.

117. Defendants EQUIFAX and EXPERIAN, each of them, individually willfully failed to comply with the requirements of Cal. Civ. Code §1785.14(b) within the meaning of Cal. Civ. Code §1785.31(a)(2).

118. As a direct and proximate result of each of the willful unlawful conduct, action and inaction of Defendants EQUIFAX and EXPERIAN, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of 5 credit denials.

119. As a result of this willful unlawful conduct, action and inaction of Defendants EQUIFAX and EXPERIAN, because of each of them, individually, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

120. As such, Defendants EQUIFAX, and EXPERIAN, each of them, individually are liable to Plaintiff for his damages for willfully violating the CCCRA pursuant to Cal. Civ. Code §1785.31(a)(2).

# VII.

## SEVENTH CAUSE OF ACTION

### NEGLIGENT FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS

### (15 U.S.C. §1681e(b) & §1681o)

[AS TO EQUIFAX and EXPERIAN ONLY]

121. Plaintiff repeats, realleges, and incorporates by reference all the allegations contained in all previous paragraphs, inclusive, as if fully set forth herein.

122. Through Plaintiff's Consumer Dispute Verification request, Plaintiff made Defendants EQUIFAX and EXPERIAN, each of them, individually aware, and/or they should have been aware that the information they were reporting regarding both the federal student loan Medical School Debt and the Navient Debt Account was inaccurate.

123. In preparing Plaintiff's credit report, Defendants EQUIFAX and EXPERIAN, each of them, individually failed to use reasonable procedures that "assure maximum possible accuracy" of information, in violation of 15 U.S.C. §1681e(b).

124. Defendants' EQUIFAX and EXPERIAN's respective and individual failures to exercise reasonable care in complying with the requirements of 15 U.S.C. §1681e(b) were negligent within the meaning of 15 U.S.C. §1681o.

125. As a direct and proximate result of this willful unlawful conduct, action and inaction of Defendants EQUIFAX and EXPERIAN, each of them, individually, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

126. As a result of this negligent and unlawful conduct, action and inaction of Defendants EQUIFAX and EXPERIAN, each of them, individually, Plaintiff

1  suffered emotional distress including anxiety, fear, sleeplessness, nausea, and
2  headaches.

3  127. As such, Defendants EQUIFAX and EXPERIAN, each of them, individually,
4  are liable to Plaintiff for his damages for willfully violating the FCRA, pursuant
5  to 15 U.S.C. §1681o.

6

7  **VIII.**

8  **EIGHTH CAUSE OF ACTION**

9  **NEGLIGENT FAILURE TO EMPLOY REASONABLE PROCEDURES TO**
10  **ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS  18 (CAL. CIV.**
11  **C. §1785.14(b) & §1785.31(a)(1))**

12  [AS TO EQUIFAX AND EXPERIAN ONLY]

13  128. Plaintiff repeats, realleges, and incorporates by reference all the allegations
14  contained in all previous paragraphs, inclusive, as if fully set forth herein.

15  129. Through Plaintiff's Consumer Dispute Verification request, Plaintiff made
16  Defendants EQUIFAX and EXPERIAN, each of them, individually aware,
17  and/or they each should have been aware that the information they were
18  reporting regarding both the federal student loan Medical School Debt and the
19  Navient Debt Account was inaccurate.

20  130. In preparing Plaintiff's credit report, Defendants EQUIFAX, and EXPERIAN,
21  each of them, individually, failed to use reasonable procedures to "assure
22  maximum possible accuracy" of information, in violation of Cal. Civ. Code
23  §1785.14(b).

24  131. Defendants EQUIFAX and EXPERIAN, each of them, individually failed to
25  exercise reasonable care in complying with the requirements of Cal. Civ. Code
26  §1785.14(b), and therefore they were each negligent within the meaning of Cal.
27  Civ. Code §1785.31(a)(1).

28

132. As a direct and proximate result of this negligent unlawful conduct, action and inaction of Defendants EQUIFAX and EXPERIAN, each of them, individually, Plaintiff suffered damages including loss of credit, increased costs of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

133. As a result of this negligent unlawful conduct, action and inaction of Defendants EQUIFAX and EXPERIAN, each of them, individually, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

134. As such, Defendants EQUIFAX and EXPERIAN, each of them, individually are liable to Plaintiff for his damages for each of their negligent failures to comply with the CCCRA pursuant to Cal. Civ. Code §1785.31(a)(1).

## IX.

### NINTH CAUSE OF ACTION

### WILLFUL FAILURE TO CONDUCT A REASONABLE REINVESTIGATION, CONSIDER RELEVANT INFORMATION, AND DELETE OR MODIFY CONSUMER REPORT

(15 U.S.C. §§ 1681i(a)(1), i(a)(4), i(a)(5) & §1681n)

[AS TO EQUIFAX AND EXPERIAN ONLY]

135. Plaintiff repeats, realleges, and incorporates by reference all the allegations contained in all previous paragraphs, inclusive, as if fully set forth herein.

136. For the reasons stated above, Defendants EQUIFAX and EXPERIAN, each of them, individually, were actually aware, and/or should have been aware that both the federal student loan Medical School Debt and the Navient Debt was incorrectly being reported as having a delinquent balance on Plaintiff's credit reports.

137. 15 U.S.C. §1681i(a)(1) requires any CRA to conduct a reasonable reinvestigation of the accuracy of any record being reported when a consumer notifies any CRA that the consumer disputes an item being reported.

138. 15 U.S.C. §1681i(a)(4) requires a CRA review and consider all relevant information submitted by a consumer when the consumer disputes an item being reported.

139. 15 U.S.C. §1681i(a)(5) requires a CRA to promptly delete an item of information from a consumer report or modify the information as appropriate if the item is found to be inaccurate or incomplete or cannot be verified.

140. 15 U.S.C. §1681(e)(b) requires any CRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

141. Through the Consumer Dispute Verification request and supporting documentation provided by Plaintiff, Plaintiff made Defendants EQUIFAX and EXPERIAN, each of them, individually aware that the information regarding both the federal student loan Medical School Debt and the Navient Debt was inaccurate and should have been corrected to reflect that the federal student loan Medical Debt was current and the balance reduced to $8,291.67 and that the Navient Debt had been repaid in full.

142. Defendants EQUIFAX and EXPERIAN, each of them, individually, failed to delete or modify the information on Plaintiff's credit report regarding the Navient Debt.

143. To date, Defendants EQUIFAX and EXPERIAN, each of them, individually, are still reporting the inaccurate information regarding both the federal student loan Medical School Debt and the Navient Debt on Plaintiff's credit report.

144. By willfully failing to conduct a reasonable investigation and delete or modify the information being reported on Plaintiff's credit report regarding both the federal student loan Medical School Debt and the Navient Debt, Defendants

1  EQUIFAX, and EXPERIAN, each of them, individually, violated 15 U.S.C.
2  §1681i(a)(1), i(a)(4), and i(a)(5).

3  145. As a direct and proximate result of this willful unlawful conduct, action and
4  inaction of Defendants EQUIFAX and EXPERIAN, by each of them, Plaintiff
5  suffered damages including loss of credit, increased costs of credit, loss of
6  ability to purchase and benefit from credit, the humiliation and embarrassment
7  of credit denials.

8  146. As a direct and proximate result of this willful unlawful conduct, action and
9  inaction of Defendants EQUIFAX and EXPERIAN, each of them, Plaintiff
10 suffered emotional distress including anxiety, fear, sleeplessness, nausea, and
11 headaches.

12 147. As such, Defendants EQUIFAX, and EXPERIAN, each of them, are liable to
13 Plaintiff for his damages for willfully violating the FCRA pursuant to 15 U.S.C.
14 §1681n.

15

16 **X.**

17 **TENTH CAUSE OF ACTION**

18 **WILLFUL FAILURE TO CONDUCT A REASONABLE**

19 **REINVESTIGATION, CONSIDER RELEVANT INFORMATION, AND**

20 **DELETE OR MODIFY A CONSUMER REPORT**

21 **(CAL. CIV. C. §1785.16 & §1785.31(a)(2))**

22 [AS TO EQUIFAX AND EXPERIAN ONLY]

23 148. Plaintiff repeats, realleges, and incorporates by reference all the allegations
24 contained in all previous paragraphs, inclusive, as if fully set forth herein.

25 149. For the reasons stated above, Defendants EQUIFAX and EXPERIAN, each of
26 them, individually, were aware, or should have been aware, that the Navient
27 Debt was incorrectly being reported as having a delinquent balance.

28

*Koeut v. Navient, Inc. et. al - Complaint for Damages*

150. Cal Civ. Code §1785.16(b) requires any CRA to conduct a reasonable reinvestigation when a consumer disputes a reported item.

151. Through the Consumer Dispute Verification request and supporting documentation provided by Plaintiff, Plaintiff made Defendants EQUIFAX and EXPERIAN, each of them, individually, aware that the information regarding both the federal student loan Medical School Debt and the Navient Debt was inaccurate and should have been corrected to reflect that the federal student loan Medical Debt was current and the balance reduced to $8,291.67 and that the Navient Debt had been repaid in full.

152. Defendants EQUIFAX and EXPERIAN, each of them, individually, failed to delete or modify the information on Plaintiff's credit report regarding the Navient Debt.

153. To date, Defendants EQUIFAX, and EXPERIAN, each of them, individually, are still reporting the inaccurate information regarding both the federal student loan Medical School Debt and the Navient Debt on Plaintiff's credit report.

154. By willfully failing to conduct a reasonable reinvestigation and delete or modify the information being reported on Plaintiff's credit report regarding both the federal student loan Medical School Debt and the Navient Debt, Defendants EQUIFAX and EXPERIAN, each of them, violated Cal Civ. Code §1785.16.

155. As a direct and proximate result of this willful unlawful conduct, action and inaction of Defendants EQUIFAX and EXPERIAN, each of them, Plaintiff suffered damages including loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

156. As a direct and proximate result of this willful unlawful conduct, action and inaction of Defendants EQUIFAX and EXPERIAN, each of them, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

157. As such, Defendants EQUIFAX, and EXPERIAN, each of them, are liable to Plaintiff for his damages for willfully violating the CCCRA pursuant to Cal Civ. Code §1785.31(a)(2).

**XI.**

**ELEVENTH CAUSE OF ACTION**

**NEGILGENT FAILURE TO CONDUCT A REASONABLE INVESTIGATION, CONSIDER RELEVANT INFORMATION, AND DELETE OR MODIFY CONSUMER REPORT**

**(15. U.S.C. §§ 1681i(a)(1), i(a)(4), i(a)(5) & §1681o)**

[AS TO EQUIFAX AND EXPERIAN ONLY]

158. Plaintiff repeats, realleges, and incorporates by reference all the allegations contained in all previous paragraphs, inclusive, as if fully set forth herein.

159. 15 U.S.C. §1681i(a)(1) requires a CRA to conduct a reasonable reinvestigation of the accuracy of any record being reported when a consumer notifies a CRA that the consumer disputes an item being reported.

160. 15 U.S.C. §1681i(a)(4) requires a CRA review and consider all relevant information submitted by a consumer when the consumer disputes an item being reported.

161. 15 U.S.C. §1681i(a)(5) requires a CRA to promptly delete an item of information from a consumer report or modify the information as appropriate if the item is found to be inaccurate or incomplete or cannot be verified.

162. 15 U.S.C. §1681(e)(b) requires a CRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

163. For the reasons stated above, Defendants EQUIFAX and EXPERIAN, each of them, individually, were aware, or should have been aware, that both the federal

1    student loan Medical School Debt and the Navient Debt was incorrectly being

2    reported.

3    164. Defendants EQUIFAX and EXPERIAN, each of them, individually, failed to

4    delete or modify the information on Plaintiff's credit report regarding the both

5    the federal student loan Medical School Debt and the Navient Debt.

6    165. To date, Defendants EQUIFAX, and EXPERIAN, each of them, individually,

7    are still reporting the inaccurate information regarding both the federal student

8    loan Medical School Debt and the Navient Debt on Plaintiff's credit report.

9    166. Defendants EQUIFAX and EXPERIAN, each of them, individually, failed to

10    exercise reasonable care and conduct a reasonable investigation and delete or

11    modify the information being reported on Plaintiff's credit report regarding both

12    the federal student loan Medical School Debt and the Navient Debt in violation

13    of 15 U.S.C. §1681i(a)(1), i(a)(4), and i(a)(5).

14    167. As a direct and proximate result of this negligent unlawful conduct, action and

15    inaction of Defendants EQUIFAX and EXPERIAN, each of them, Plaintiff

16    suffered damages including loss of credit, increased cost of credit, loss of ability

17    to purchase and benefit from credit, the humiliation and embarrassment of credit

18    denials.

19    168. As a direct and proximate result of this negligent unlawful conduct, action and

20    inaction of Defendants EQUIFAX and EXPERIAN, each of them, Plaintiff

21    suffered emotional distress including anxiety, fear, sleeplessness, nausea, and

22    headaches.

23    169. As such, Defendants EQUIFAX, and EXPERIAN, each of them, are liable to

24    Plaintiff for his damages for negligently failing to comply with the requirements

25    of FCRA pursuant to 15 U.S.C. §1681o.

26

27

28

# XII.

## TWELFTH CAUSE OF ACTION

## NEGILGENT FAILURE TO CONDUCT A REASONABLE REINVESTIGATION, CONSIDER RELEVANT INFORMATION, AND DELETE OR MODIFY CONSUMER REPORT

## (CAL. CIV. C. §1785.16 & §1785.31(a)(1))

[AS TO EQUIFAX and EXPERIAN ONLY]

170. Plaintiff repeats, realleges, and incorporates by reference all the allegations contained in all previous paragraphs, inclusive, as if fully set forth herein.

171. Cal Civ. Code §1785.16(b) requires a CRA to conduct a reasonable reinvestigation when a consumer disputes a reported item.

172. For the reasons stated above, Defendants EQUIFAX and EXPERIAN, each of them, individually, were aware, or should have been aware, that both the federal student loan Medical School Debt and the Navient Debt was incorrectly being reported.

173. Defendants EQUIFAX and EXPERIAN, each of them, individually, failed to delete or modify the information on Plaintiff's credit reports regarding both the federal student loan Medical School Debt and the Navient Debt.

174. To date, Defendants EQUIFAX, and EXPERIAN, each of them, individually, are still reporting the inaccurate information regarding the both the federal student loan Medical School Debt and the Navient Debt on Plaintiff's credit reports.

175. Defendants EQUIFAX and EXPERIAN, each of them, individually, failed to exercise reasonable care and conduct a reasonable reinvestigation and delete or modify the information being reported on Plaintiff's credit report regarding both the federal student loan Medical School Debt and the Navient Debt and in doing so negligently violated Cal. Civ. Code §1785.16.

176. As a direct and proximate result of this negligent unlawful conduct, action and inaction of Defendants EQUIFAX and EXPERIAN, each of them, Plaintiff suffered damage by loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, the humiliation and embarrassment of credit denials.

177. As a direct and proximate result of this negligent unlawful conduct, action and inaction of Defendants EQUIFAX and EXPERIAN, each of them, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

178. As such, Defendants EQUIFAX, and EXPERIAN, each of them, are liable to Plaintiff for his damages for negligently failing to comply with the CCRA pursuant to Cal Civ. Code §1785.31(a)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth his claims for relief against Defendants herein, respectfully requests this Court enter a Judgment against Defendants as follows:

a. That the conduct of Defendants complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under the FCRA, and the CCCRAA.

b. An injunctive order mandating removal of all incorrect information and modifications of Plaintiff's credit reports to reflect the correct status of both the federal student loan Medical School Debt and the Navient Debt.

c. An award of actual damages subject to proof at trial against Defendants NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1) and Cal. Civ. Code §§ 1785.31(a)(1) and 1785.31(a)(2);

d. An award of punitive damages subject to proof at trial against Defendants, NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC, pursuant to 15 U.S.C. §1681n(a)(2) and Cal. Civ. Code §1785.31(a)(2)(B);

e. An award of attorney's fees and costs of suit against Defendants, NAVIENT CORPORATION and NAVIENT SOLUTIONS, LLC, pursuant to 15 U.S.C. §§1681n(a)(3) and 1681o(b) and Cal. Civ. Code §§1785.31(a)(1) and 1785.31(a)(2);

f. An award of actual damages subject to proof at trial against Defendants EQUIFAX and EXPERIAN, each of them, jointly and severally, pursuant to 15 U.S.C §§1681n(a)(1)(A) and 1681o(a)(1) and Cal. Civ. Code §§1785.31(a)(1) and 1785.31(a)(2);

g. An award of punitive damages subject to proof at trial against Defendant EQUIFAX and EXPERIAN, each of them, jointly and severally, pursuant to 15 U.S.C. §1681n(a)(2) and Cal. Civ. Code §1785.31(a)(2)(B);

h. An award of attorney's fees and costs of suit against Defendants EQUIFAX and EXPERIAN, each of them, jointly and severally, pursuant to 15 U.S.C. §§1681n(a)(3) and 1681o(b) and Cal. Civ. Code §§1785.31(a)(1) and 1785.31(a)(2); and

i. For all such other and further relief as this Court may deem just and proper.

Dated: August 4, 2021                    By:    */s/ Ahren A. Tiller, Esq.*
                                                 Ahren A. Tiller, Esq.
                                                 BLC Law Center, APC
                                                 Attorneys for Plaintiff
                                                 SETH KOEUT

*Koeut v. Navient, Inc. et. al - Complaint for Damages*

1

## <u>**DEMAND FOR JURY TRIAL**</u>

2

3       Pursuant to the Seventh Amendment to the Constitution of the United States of

4   America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by

5   jury.

6

Dated: August 4, 2021              By:    */s/ Ahren A. Tiller, Esq.*

7                                          Ahren A. Tiller, Esq.
                                           BLC Law Center, APC
8                                          Attorneys for Plaintiff
                                           SETH KOEUT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28