UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH KOEUT,<br><br>                                      Plaintiff,<br><br>v.<br><br>NAVIENT CORPORATION, a Delaware Corporation; NAVIENT SOLUTIONS, LLC, a Delaware Limited Liability Company; EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br>                                      Defendants. | Case No.: 3:21-cv-01398-AJB-AHG<br><br>**ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. No. 12)** |

Presently pending before the Court is Defendants Navient Corporation and Navient Solutions, LLC's (collectively, "Navient Defendants") joint motion to dismiss Counts I through IV of Plaintiff Seth Koeut's ("Plaintiff") Complaint. (Doc. No. 12.) The motion is fully briefed, (Doc. Nos. 16 & 21), and the matter is suitable for determination on the papers. For the reasons stated herein, the Court **GRANTS** the motion to dismiss Plaintiff's Complaint with leave to amend.

## I.     BACKGROUND

Plaintiff brings this action against Navient Defendants, Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") for

violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA") and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.3 et. seq. ("CCCRAA"). (Complaint ("Compl."), Doc. No. 1, ¶ 1.) Between 2005 and 2009, Plaintiff took out a federal student loan to pay for the educational costs associated with his medical degree at Ponce School of Medicine. (*Id.* ¶ 34.) On or about July 9, 2009, Plaintiff took out a second unsecured non-federal loan with Navient Defendants ("Navient Debt") for job application costs, and flight and travel expenses while he sought post-medical school employment. (*Id.* ¶ 35.) This latter loan was a private loan, as it was not guaranteed by a government unit. (*Id.*) On May 21, 2012, Plaintiff filed a Chapter 7 Bankruptcy Case in the United States Bankruptcy Court for the Southern District of California, which allegedly discharged the Navient Debt. (*Id.* ¶ 39.)

On January 18, 2021, Plaintiff discovered that Equifax and Experian were still reporting his federal student loan and the Navient Debt, despite the Bankruptcy Court's ruling. (*Id.* ¶ 47.) The same day, Plaintiff disputed his federal student loan and the Navient Debt with Equifax and Experian based upon the judgment entered in his prior bankruptcy proceedings. (*Id.* ¶¶ 52, 58.) In both disputes, Defendants Equifax and Experian responded to Plaintiff after their investigations that no change would be made to Plaintiff's credit report. (*Id.* ¶¶ 53, 59.) Plaintiff thereafter filed a second dispute with both Equifax and Experian, and again the Navient Debt remained on his credit reports. (*Id.* ¶¶ 55–56, 60–63.) On June 11, 2021, Plaintiff filed a third dispute with Experian and received a response that the results would remain the same. (*Id.* ¶ 65.) On August 4, 2021, Plaintiff filed his Complaint. (*See generally id.*) Navient Defendants thereafter filed the instant motion to dismiss Plaintiff's Complaint as to the first four claims for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 12.)

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

2001). The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

### III.   DISCUSSION

Navient Defendants move to dismiss each of Plaintiff's claims against them—specifically, the first four claims under the FCRA and CCCRAA. The Court will address the merits of each of Defendants' requests in turn.

### A.   Plaintiff's First Claim for Willful Failure to Investigate Under the FCRA

Plaintiff's first claim against Navient Defendants is based upon § 1681s-2(b) of the FCRA for allegedly failing to conduct a reasonable investigation into Plaintiff's disputes with Equifax and Experian ("Disputes"), and willfully failing to properly modify, delete, or block the reporting of inaccurate, unlawful, and false negative information to Defendants Experian and Equifax. (Compl. ¶¶ 72, 73.)

"To ensure that credit reports are accurate, the FCRA imposes duties on entities called 'furnishers,' which are the sources that provide credit information to credit reporting

agencies [("CRA")]." *Snyder v. Nationstar Mortg. LLC*, No. 15-cv-03049-JSC, 2015 WL 7075622, at *3 (N.D. Cal. Nov. 13, 2015) (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009)). Under the FCRA, one such duty is "triggered" when a furnisher "receives notice from the CRA that the consumer disputes the information." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 978 (N.D. Cal. 2014) (quoting *Gorman*, 584 F.3d at 1154) (internal quotation marks omitted). "Upon receiving such a notice, the furnisher is required to conduct an investigation with respect to the disputed information and to take steps to ensure that any errors are corrected." *Id.* (quoting 15 U.S.C. § 1681s-2(b)) (internal quotation marks omitted). "'If an item of information disputed by a customer is found to be inaccurate or incomplete' following an investigation, the furnisher must modify, delete or block reporting of that information." *Finley v. Transunion*, No. 17-cv-07165-HSG, 2020 WL 408987, at *2 (N.D. Cal. Jan. 24, 2020) (quoting 15 U.S.C. § 1681s-2(b)(1)).

FCRA section 1681s-2(b) provides a private right of action to challenge a furnisher's failure to investigate and report results after receiving notice of a dispute. *See Gorman*, 584 F.3d at 1154. To prevail on a claim under section 1681s-2(b), a plaintiff must allege that: (1) he notified a CRA of a dispute regarding the accuracy of an account; (2) the CRA notified the furnisher of the information; and (3) the furnisher failed to take the remedial measures required by statute. *See Kozlowski v. Bank of Am., N.A.*, No. 1:18-cv-00131-DAD-EPG, 2018 WL 2096381, at *3 (E.D. Cal. May 4, 2018) (citing *Matracia v. JP Morgan Chase Bank, N.A.*, No. 2:11-190 WBS JFM, 2011 WL 5374776, at *3 (E.D. Cal. Nov. 4, 2011)).

In support of their motion, Navient Defendants argue that Plaintiff fails to adequately plead: (1) the existence of information provided to Navient Defendants by any CRA that Defendants failed to consider in their investigation; (2) facts indicating that Navient Defendants failed to consider all relevant information; and (3) the false, negative, or inaccurate information that Navient Defendants allegedly failed to correct or delete after their alleged receipt of Plaintiff's Disputes from the CRAs. (Doc. No. 12-1 at 17.) The

Court agrees. Plaintiff asserts that Navient Defendants "failed to conduct a reasonable investigation into Plaintiff's Dispute" after being notified of the Disputes by Defendants Equifax and Experian regarding inaccurate and delinquent information for the Navient Debt. (Compl. ¶ 72.) Further, Plaintiff states that Navient Defendants "failed to exercise reasonable care when notified of the dispute" by "willfully failing to properly modify, delete, or block the reporting of the inaccurate, unlawful, and false negative information regarding the Navient Debt[.]" (*Id.* ¶ 73.) However, Plaintiff merely recites the elements of a § 1681s-2(b)(1) claim and fails to explain how Navient Defendants failed to properly investigate the dispute or that Navient Defendants failed to consider all relevant information.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's first cause of action for willful failure to investigate **WITH LEAVE TO AMEND**.

### B.    Plaintiff's Second Claim for Negligent Failure to Investigate

Plaintiff's next claim under the FCRA is based upon a negligent failure to investigate. (Compl. at 13–14.) "To prove a negligent violation [under the FCRA], a plaintiff must show that the defendant acted pursuant to an objectively unreasonable interpretation of the statute." *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669 (9th Cir. 2020) (citing *Syed v. M-I LLC*, 853 F.3d 492, 505 (9th Cir. 2017)).

Navient Defendants seek to dismiss this claim based upon Plaintiff's alleged failure to show that his private student loan was discharged. (Doc. No. 12-1 at 19.) Whether Plaintiff's loan with Navient Defendants was an unsecured loan or a private student loan is a disputed issue of fact to be determined by the fact finder and thus inappropriate for the Court to determine at this stage. However, the Court finds that, similar to Plaintiff's first claim for willful failure to investigate, Plaintiff's Complaint recites the elements of § 1681s-2(b)(1) with conclusory language without additional facts, and has thus failed to plead a negligent failure to investigate.

On these grounds, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's second cause of action for negligent failure to investigate **WITH LEAVE TO AMEND**.

      **C.**    **Plaintiff's Third and Fourth Claims Under the CCCRAA**

In his third and fourth causes of action, Plaintiff alleges that Navient Defendants failed to comply with the CCCRAA. (Compl. at 14–17.) Section 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). "The statutory term 'should have known' imparts a test of reasonableness." *Holmes v. NCO Fin. Services, Inc.*, 538 F. App'x 765, 766 (9th Cir. 2013) (citing *Shultz v. Dep't of Army*, 886 F.2d 1157, 1160 (9th Cir. 1989)). "The critical question . . . is thus whether a reasonable [furnisher] . . . would have known" that the furnished information was incomplete or inaccurate. *Id.*

Navient Defendants assert in their motion to dismiss that Plaintiffs fail to provide a basis on which to find that Navient Defendants knew or should have known that the loan was discharged when they responded to Plaintiff's credit disputes. The Court agrees.

The Court finds that Plaintiff has not sufficiently pled facts amounting to claims under the CCCRAA. Plaintiff fails to explain how the Navient Defendants knew or should have known that the furnished information was incomplete or inaccurate. For example, Plaintiff asserts that Navient Defendants were "actually aware of the inaccurate information being furnished by them" and "willfully fail[ed] to properly modify, delete, or block the reporting of the inaccurate and unlawful false negative information," without more information. (Compl. ¶¶ 93, 94.) Plaintiff's claim under § 1785.25(f) similarly fails, as he merely states that Navient Defendants "failed to review the information provided by Plaintiff and did not perform any true investigation into the accuracy of the information it was furnished[.]" (*Id.* ¶ 102.) Plaintiff's allegations are devoid of any factual basis to support an inference that Navient Defendants reported any specific inaccurate information or failed to use reasonable procedures to assure the accuracy of information contained in his credit report.

Thus, the Court dismisses the third and fourth causes of action **WITH LEAVE TO AMEND.**

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Navient Defendants' motion to dismiss **WITH LEAVE TO AMEND**. (Doc. No. 12.) Should Plaintiff choose to do so, where leave is granted, he must file an amended complaint curing the deficiencies noted herein by **November 2, 2021**.

**IT IS SO ORDERED.**

Dated:  October 18, 2021

Hon. Anthony J. Battaglia
United States District Judge